IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00818-WDM-BNB

GREGORY M. HULL,

Plaintiff,

v.

BILL OWENS, in his individual and official capacity as Governor of the State of Colorado,
JOE ORTIZ, in his individual and official capacity as Executive Director of the Colorado Department of Corrections,
DR. CARY SHAMES, in his individual and official capacity as Chief Medical Officer of the Colorado Department of Corrections,
ANTHONY DECESARO, in his individual and official capacity as Step III Grievance Officer for the Colorado Department of Corrections,
DR. P. BEECROFT, in her individual and official capacity as Medical Doctor at the Fort Lyon Correctional Facility,
KELLEY MCRAE, in her individual and official capacity as Registered Nurse at the Fort Lyon Correctional Facility, and
JOAN STOCK, in her individual and official capacity as Physician's Assistant at the Sterling Correctional Facility,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the **Motion to Dismiss from Defendants Bill Owens, Joe Ortiz, and Anthony DeCesaro** [Doc. #17, filed 6/16/06] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED and that defendants Owens, Ortiz, and DeCesaro be DISMISSED.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate

for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff.  City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).  A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief.  Id.

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is

2

>    intertwined with the merits of the case. The jurisdictional question
>    is intertwined with the merits of the case if subject matter
>    jurisdiction is dependent on the same statute which provides the
>    substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II. BACKGROUND

The plaintiff currently is incarcerated by the Colorado Department of Corrections ("DOC") at the Sterling Correctional Facility. He filed his Prisoner Complaint on April 28, 2006 [Doc. #2] (the "Complaint"). The Complaint contains the following allegations:

1. In February 2005, Dr. P. Beecroft, the medical doctor at the Fort Lyon Correctional Facility, informed the plaintiff that she had consulted with Dr. Cary Shames, the DOC's Chief Medical Officer. *Complaint*, p. 6. Dr. Beecroft and Dr. Shames decided not to treat the plaintiff for Hepatitis C, despite a recommendation for treatment from another doctor. Id.

2. The plaintiff filed Step I, Step II, and Step III grievances on the issue. Id. The Step I grievance was denied by Dr. Beecroft, and she again refused to provide medical treatment. Id. The Step II grievance was denied by Kellie McRae, a Registered Nurse at the Fort Lyon Correctional Facility. Id.

3. The DOC administrative regulations provide that the DOC has 45 days to respond to a Step III grievance. Id. at pp. 6-7. The Step III Grievance Officer, Anthony DeCesaro, did not respond to the plaintiff's Step III grievance within 45 days. The plaintiff wrote two letters to DeCesaro inquiring about the status of his grievance. On September 25, 2005, the plaintiff's father sent a letter to DeCesaro on behalf of the plaintiff. The letter inquired about the status of the plaintiff's grievance and asked the DOC to provide the plaintiff with treatment. DeCesaro

3

telephoned the plaintiff's father and told him that he "did not like being threatened with a lawsuit and that he, plaintiff's father, should go ahead and sue." Id. at p. 7.

    4. DeCesaro denied the Step III grievance 214 days after the plaintiff submitted it. Id.

    5. On September 25, 2005, the plaintiff's father sent a letter to Governor Bill Owens. The letter requested that Governor Owens "intervene and provide plaintiff with treatment for his Hepatitis C." Id.

    6. Joe Ortiz, Executive Director of the DOC, "is responsible for establishing and carrying out policy and procedure, i.e., the hepatitis protocol, and his actions have resulted in his subordinates' violating the plaintiff's right to be free from cruel and unusual punishment." Id. at p. 8.

    7. "Defendants initially agreed to provide treatment to plaintiff upon condition that he perform specific tasks related to published DOC Hepatitis C Protocol. However, the protocol is not related to any legitimate interest other than to save the DOC some money, and is so overly restrictive as to cause undue hardship, mental anguish, irreparable harm, continued pain and suffering, and cruel and unusual punishment." Id. at pp. 8-9.

    8. The plaintiff is exhibiting signs of a progressing liver disease. Id. at pp. 9-10.

The Complaint asserts one claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment. The plaintiff is suing the defendants in their individual and official capacities. He seeks declaratory, injunctive, and monetary relief.

### III. ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the

>deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### A. Official Capacity Claims

Defendants Owens, Ortiz, and DeCesaro ("the defendants") argue that the Court does not have subject matter jurisdiction over the plaintiff's claim insofar as it is asserted against them in their official capacities.[1] *Motion*, pp. 9-11. This is a facial challenge to the Complaint's allegations. Therefore, I accept the allegations of the Complaint as true. Holt, 46 F.3d at 1003.

The Eleventh Amendment bars suits in federal courts against unconsenting states by the state's own citizens and by citizens of another state. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction." Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted). Eleventh Amendment immunity applies to suits arising under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 345 (1979).

The Eleventh Amendment precludes federal jurisdiction over state officials acting in their official capacities as to retroactive monetary relief, but not as to prospective injunctive relief. Pennhurst, 465 U.S. at 102-03,105-06.[2] Defendant Owens is the Governor of the State of Colorado. Defendants Ortiz and DeCesaro are employed by the DOC. *Complaint*, pp. 2-3. The DOC is an agency or subdivision of the State of Colorado. Consequently, the Eleventh

---

[1] Because this argument challenges the Court's jurisdiction, I address it prior to addressing the defendants' other arguments.

[2] See also Will v. Michigan, 491 U.S. 58, 71 n.10 (1989) (stating that although state officials acting in their official capacities are not "persons" under section 1983, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State'").

Amendment bars suit against these defendants in their official capacities for retroactive monetary relief. I respectfully RECOMMEND that the Motion be GRANTED to the extent it seeks dismissal of the claim against defendants Owens, Ortiz, and DeCesaro in their official capacities for retroactive monetary relief based on Eleventh Amendment immunity.

### B.   Personal Participation

The defendants further seek dismissal of the claim against them for failure to allege personal participation. An individual cannot be held liable in a section 1983 action unless he caused or participated in an alleged constitutional violation. McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983). Respondeat superior is not within the purview of section 1983 liability. Id. In order for a supervisor to be liable under section 1983, there must exist a causal connection or an affirmative link "between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Butler v. City of Norman, 992 F.2d 1053, 1055 (10thCir. 1993); see also Rizzo v. Goode, 423 U.S. 362, 371 (1976). Without a showing of direct responsibility for the alleged violations, liability will not be imposed on a supervisory official. Id.

The plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. A prison official's deliberate indifference to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." Id. at 104-05. To establish a claim for deliberate indifference, a plaintiff must prove both an objective component and a subjective component.

The objective component is met if the inmate's medical need is sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994).  A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)).

The subjective component to a deliberate indifference claim is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

To survive a motion to dismiss, a plaintiff must allege (1) a sufficiently serious medical need and (2) a sufficiently culpable state of mind. Riddle v. Mondragon, 83 F.3d 1197, 1205-06 (10th cir. 1996).  Conclusory allegations, without supporting factual averments, are insufficient to state a claim for failure to protect in violation of the Eighth Amendment. Id. at 1205.

### 1. Defendant Owens

The Complaint contains the following allegations against Governor Owens:

> On September 25, 2005, the plaintiff's father sent a letter to Governor Bill Owens. The letter requested that Governor Owens "intervene and provide plaintiff with treatment for his Hepatitis C."

*Complaint*, p. 7.  The Complaint does not contain any factual allegations to support a reasonable inference that Governor Owens was directly responsible for the alleged Eighth Amendment violation.  I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of the claim against Governor Owens.  See Davis v. Arkansas Valley Correctional Facility, 99 Fed.Appx. 838, *3 (10th Cir. 2004) (holding that sending correspondence to an official

which outlines complaints about medical care, without more, does not sufficiently implicate the official under section 1983).

### 2.  Defendant Ortiz

The plaintiff concedes that he has not stated a claim upon which relief can be granted as to defendant Ortiz, and he requests that the Court dismiss the claim against Ortiz.  *Plaintiff's Response to Defendant's* [sic] *Motion to Dismiss from Defendants Bill Owens, Joe Ortiz, and Anthony DeCesaro*, p. 2 [Doc. #25, filed July 12, 2006] (the "Response").  Accordingly, I RECOMMEND that the Motion be GRANTED to the extent it seeks dismissal of the claim against defendant Ortiz.

### 3.  Defendant DeCesaro

The Complaint does not allege that defendant DeCesaro in any way caused or participated in the alleged denial of Hepatitis C treatment.  The plaintiff attempts to hold DeCesaro liable solely in his capacity as a grievance officer and on the basis of his delayed response to the plaintiff's grievance.  Defendant DeCesaro cannot be held liable for an alleged constitutional violation for which he was not directly responsible.  I respectfully RECOMMEND that the Motion be GRANTED to the extent it seeks dismissal of the claim against defendant DeCesaro.

## IV.  CONCLUSION

For all of these reasons, I respectfully RECOMMEND that the Motion to Dismiss from Defendants Bill Owens, Joe Ortiz, and Anthony DeCesaro be GRANTED and that defendants Owens, Ortiz, and DeCesaro be DISMISSED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives

*de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 3, 2007.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge