IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00818-WDM-BNB

GREGORY M. HULL,

Plaintiff,

v.

BILL OWENS, in his individual and official capacity as Governor of the State of Colorado,
JOE ORTIZ, in his individual and official capacity as Executive Director of the Colorado Department of Corrections,
DR. CARY SHAMES, in his individual and official capacity as Chief Medical Officer of the Colorado Department of Corrections,
ANTHONY DECESARO, in his individual and official capacity as Step III Grievance Officer for the Colorado Department of Corrections,
DR. P. BEECROFT, in her individual and official capacity as Medical Doctor at the Fort Lyon Correctional Facility,
KELLEY MCRAE, in her individual and official capacity as Registered Nurse at the Fort Lyon Correctional Facility, and
JOAN STOCK, in her individual and official capacity as Physician's Assistant at the Sterling Correctional Facility,

Defendants.

---

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation of Magistrate Judge Boyd N. Boland, issued January 3, 2007, (doc. no. 28) that the Motion to Dismiss from Defendants Bill Owens[1], Joe Ortiz and Anthony DeCesaro (doc. no. 17), should be Granted. Plaintiff

---

[1] To the extent that Owens has been sued in his official capacity as Governor of the State of Colorado, the court would normally follow the dictates of F.R.Civ.P. 25(a) and substitute the new Governor, William Ritter, but it declines to do so in light of the

Case 1:06-cv-00818-WDM-BNB   Document 36   Filed 03/20/07   USDC Colorado   Page 2 of 4

filed a timely objection to the recommendation and Defendants have responded to that objection. 28 U.S.C. § 636(b).

I have reviewed *de novo* the pertinent portions of the record in this case, including the Complaint, the motion at issue and the recommendation.

Defendants Owens, Ortiz and DeCesaro moved for dismissal of the claims against them in both their official and individual capacities. Plaintiff acknowledges that the complaint fails to state a claim against Defendant Ortiz and he therefore has no objection to his dismissal.

As to the dismissal of both Owens and DeCesaro, the recommendation still concludes that the Eleventh Amendment bars the official capacity claims to the extent that the claims seek retroactive monetary relief. To the extent that the claims seek prospective injunctive relief, they are moot as Plaintiff has acknowledged that he is now receiving the treatment that he sought in his complaint.

Plaintiff relies on the language of the Eleventh Amendment to object to this recommendation on the basis of the specific language of the amendment that its immunity "does not extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of the same state." Notwithstanding that language, the U.S. Supreme Court has held otherwise. "This Court has drawn upon principles of sovereign immunity to construe the Amendment to establish that an unconsenting State is immune from suits brought in federal courts **by her own citizens as well** as by citizens of another state. " *Port Authority Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304, 110 S.Ct. 1868,

---

conclusions reached in this Order.

2

1872 (1990) (emphasis added) (citations omitted). It is undisputed that the State has not consented to this action.

Plaintiff further objects that he has alleged personal participation on the parts of Defendants Owens and DeCesaro and that to find otherwise goes against F.R.Civ.P. 12(b)(6)'s requirement that the factual allegations in the complaint be taken as true.

It is correct that "the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686 (1974). However, that does not mean that an individual may simply include the appropriate conclusory allegations in his complaint to survive a motion to dismiss. The facts as alleged may still be insufficient to state a claim. "Even if all of plaintiff's allegations are true, the Court can envision no set of facts, which, if further established, might support the plaintiff's claims." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984) (citation omitted).

Magistrate Judge Boland so found in this case. Plaintiff's allegations about the lack of action on the part of Defendant Owens and DeCesaro are simply inadequate to state a claim. He has made no allegations that could lead to a finding of direct responsibility as required for these Defendants. Plaintiff's contention that his subsequent medical treatment somehow proves their personal participation is unfounded. It does nothing to show direct responsibility for any violation of Plaintiff's rights.

Finally, Plaintiff insists that the recommended dismissal concerns only the official claims against Defendants Owens and DeCesaro. This is incorrect as illustrated by the statement "an **individual** cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional violation" citing *McKee v. Heggy*, 703 F.2d 479,

3

483 10th Cir. 1983) (emphasis added). (Rec. at 6). Plainly the recommendation is to dismiss all claims against these three defendants.

Accordingly, it is ordered:

1. The Recommendation of Magistrate Judge Boland, issued January 3, 2007, (doc. no. 28) is Accepted.

2. The Motion to Dismiss from Defendants Bill Owens, Joe Ortiz and Anthony DeCesaro (doc. no. 17) is Granted. The claims against these Defendants are dismissed in their entirety.

3. This case remains pending on plaintiffs claims against defendants Beecroft, McRae, Shames and Stock.

DATED at Denver, Colorado, on March 19, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge

PDF FINAL