IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.  06-cv-0818-WDM-BNB

GREGORY M. HULL,

      Plaintiff,

v.

DR. CARY SHAMES, *et al.*,

      Defendants.

---

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This case is before me on the recommendation of Magistrate Judge Boyd N.

Boland (Docket No. 65) that Defendants' Motion for Summary Judgment (Docket No.

51) be granted.  Plaintiff did not file an objection to the recommendation and, therefore,

is not entitled to *de novo* review.  28 U.S.C. § 636(b).  I have reviewed the pertinent

portions of the record, including the motion, the response, the reply, and the

recommendation of Magistrate Judge Boland.  For the reasons that follow, the

recommendation shall be accepted as modified.

Plaintiff suffers from Hepatitis C which he believes he contracted in the early

1970s from a visit to his dentist.  He was originally diagnosed in 1998.  After his

diagnosis he was placed on a treatment plan of antiviral chemotherapy in the form of

Alpha II Interferon and Ribaviron.  After approximately six months of treatment, Plaintiff

discontinued this treatment in June 1999 because he was experiencing mood-related side effects. Plaintiff alleges that the reason he had trouble with the treatment was a combination of high stress from his deteriorating marriage and his use of methamphetamine. The treatment, however, was ineffective in treating his condition and it was determined that Plaintiff was a non-responder to the drug treatment.

After Plaintiff was incarcerated in November 2002 he sought to continue treatment. He was, however, deemed ineligible for treatment because he had previously been treated and the treatment had been ineffective in treating his disease. Plaintiff exhausted his administrative remedies after being denied treatment on several occasions and then filed this suit on April 28, 2006. This action is brought under 42 U.S.C. § 1983 and alleges violations of Plaintiff's Eighth Amendment rights for failure to provide medical treatment. Plaintiff has sued Defendants in both their official and individual capacities and seeks both monetary and injunctive relief.

Magistrate Judge Boland recommends that Defendants' motion for summary judgment be granted and all of Plaintiff's claims be dismissed. First, Magistrate Judge Boland found that the Eleventh Amendment bars Plaintiff 's claims for retroactive monetary relief against Defendants in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (noting that the Eleventh Amendment bars suits for damages against state officials in their official capacities).

Second, Magistrate Judge Boland recommends that Defendants' motion for summary judgment be granted with respect to the individual capacity claims because Plaintiff failed to carry his two-part burden in the qualified immunity analysis by showing

2

a that Defendants violated his constitutional rights.[1]  Specifically, Magistrate Judge

Boland determined first that Defendants McRae and Stock did not violate Plaintiff's

Eighth Amendment rights because they had not participated in the decision to deny

medical treatment to Plaintiff.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.

1996) (citations omitted) (requiring personal participation to maintain a section 1983

claim).  Next, Magistrate Judge Boland concluded that Plaintiff had not demonstrated

that Defendants Beecroft or Shames had the necessary subjective state of mind

necessary to maintain a deliberate indifference claim.  *See Oxendine v. Kaplan*, 241

F.3d 1272, 1276 (holding that an Eighth Amendment claim for inadequate or delay

medical care "involve both an objective and a subjective component" which consists of

"whether the deprivation is sufficiently serious and whether the [prison] official acted

with a sufficiently culpable state of mind," respectively (citations and quotations

omitted)).  He also noted that Plaintiff had not shown that the delay in his medical

treatment caused "substantial harm" as required in claims of delay.  *See id.*

    I have reviewed the legal authorities relied upon by Magistrate Judge Boland

and discern no error.  Therefore, I agree with Magistrate Judge Boland's

---

[1]  When a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff to satisfy a "heavy two-part burden" that (1) the officials conduct violated a constitutional right and (2) whether the constitutional right was clearly established at the time of the alleged violation.  *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1185–86 (10th Cir. 2001) (citations omitted).  If the plaintiff successfully establishes the violation of a clearly established right, the burden shifts to the defendant, who must prove that there are no genuine issues of material fact and that the defendant is entitled to judgment as a matter of law.  *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001); *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002).

recommendation. I add, however, that Plaintiff's claims for injunctive relief against Defendants in their official capacities are now moot. Plaintiff acknowledges that he is now receiving treatment for Hepatitis C; therefore, his claim for injunctive relief to receive treatment is moot.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Boland (Docket No. 65) is accepted as modified.

2. Defendants' Motion for Summary Judgment (Docket No. 51) is granted.

3. Plaintiff's complaint is dismissed with prejudice.

DATED at Denver, Colorado, on February 19, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge